SENTENCIA
Comparecen la Sra. Haydeé Ortiz González y el Sr. José Rivera, quienes por separado solicitan la revocación de la sentencia emitida por el Tribunal de Apelaciones para el caso de referencia. La señora Ortiz González argumenta que el foro apelativo erró al exonerar de responsabilidad a su antiguo patrono, Caribbean Restaurants, por los actos de hostigamiento sexual en el empleo a los que estuvo sujeta. Por su parte, el señor Rivera plantea que dichos actos no constituyeron hostigamiento sexual y, en la alter-nativa, que Caribbean Restaurants respondía solidaria-mente. Veamos.
I
La Sra. Haydeé Ortiz González trabajó para la empresa Caribbean Restaurants como empleada parcial irregular del establecimiento de comida rápida Burger King de Villa Blanca, en Caguas, desde el 9 de noviembre de 1999 hasta el 5 de septiembre de 2000, fecha cuando presentó su renuncia. Previo a comenzar en su empleo, recibió las po- *3 líticas contra el hostigamiento sexual adoptadas por la em-presa, las normas de conducta y la información de los pro-cedimientos para dilucidar diferencias. Dicha política requería que se realizara una querella escrita y establecía dónde debía presentarse. El restaurante también tenía afi-ches contra el hostigamiento sexual y una línea especial para atender querellas. Además, luego de comenzar su em-pleo, la señora Ortiz recibió un adiestramiento especial so-bre hostigamiento sexual.
En el Burger Kang de Villa Blanca había un gerente, la Sra. Daisy Vázquez, y un subgerente, el Sr. José Rivera. La señora Ortiz González alega que el señor Rivera comenzó a hostigarla sexualmente entre mayo a agosto de 2000. Se-gún la sentencia del Tribunal de Primera Instancia éste le expresó frases tales como: “mami, ¿todo eso es tuyo?”; “si te cojo, te saco la habichuelita”, y “a ti lo que te hace falta es un buen beso de lengua”. También, argüyó que cuando el señor Rivera pasaba por espacios limitados se rozaba contra su cuerpo y que, cuando él estaba a cargo, le imponía tareas que propiciaran pasar cerca de ella para rozarla, aprovechando su autoridad. La señora Ortiz señaló que quedó muy ofendida con los actos del subgerente y que así lo hizo saber a la gerente.
Conforme a los señalamientos del Tribunal de Primera Instancia, en una ocasión el señor Rivera le dijo a la señora Ortiz González que “soltara el cabrón teléfono”. Por ello, el 27 de agosto de 2000 ella se quejó con la gerente Vázquez, lo cual produjo una reunión en la que el señor Rivera ad-mitió lo sucedido y pidió disculpas a la empleada. No obs-tante, al finalizar la reunión, Rivera le indicó a Ortiz que “si la cosa estaba mala, se iba a poner peor”. La empleada trató de comentar lo ocurrido a la señora Vázquez, pero ésta no la atendió.
El 30 de agosto de 2000, la señora Ortiz González indicó a la señora Vázquez que quería presentar una queja de *4 hostigamiento sexual contra el señor Rivera. La señora Vázquez habló con el supervisor de área, quien le reiteró que debía hacerse una reclamación escrita. Al próximo día, la señora Ortiz González quiso retirar la queja, pero se le indicó que, por haber sido alertados, debían investigar y seguir los procedimientos de la empresa. Por ende, se pro-siguió con la queja y se notificó al señor Rivera de la misma. Además, se le instruyó a éste que no podía ir a trabajar hasta tanto culminara la investigación.
El 5 de septiembre de 2000 se celebró una reunión en las oficinas centrales de la empresa con el propósito de dirimir la queja. La señora Ortiz González expresó las fra-ses inapropiadas que el subgerente le decía y contó que en una ocasión éste extendió su mano para tocarla. También hizo referencia al incidente de la frase soez. La empresa citó posteriormente al señor Rivera, quien renunció volun-tariamente para evitar ser despedido.
Conforme a las determinaciones del Tribunal de Primera Instancia, la señora Ortiz González fue víctima de mofas en el empleo, ya que todos los compañeros se ente-raron de lo ocurrido. Le decían “no me toques que te de-nuncio por hostigamiento sexual”, entre otras bromas. De hecho, la señora Ortiz González alegó que la gerente, la señora Vázquez, patrocinó y permitió las bromas. Incluso, mencionó que el señor Rivera fue a visitar el establecimiento mientras la señora Ortiz González estaba en funciones, todo ello con anuencia de la gerente.
El 13 de noviembre de 2000, la señora Ortiz González y otro empleado sometieron queja escrita contra la señora Vázquez. Se entrevistaron con personal del departamento de recursos humanos, al cual indicaron que la gerente no cumplía con el manual de la empresa y que no tenía buena relación con su personal. Mencionaron que ésta los ofendía, les gritaba y utilizaba lenguaje soez frente a otros compa-ñeros, clientes e invitados. Personal del departamento acu-dió al restaurante a entrevistar a los empleados, los cuales favorecieron a la gerente.
*5 Posteriormente, la señora Ortiz González solicitó tras-lado por problemas personales con la señora Vázquez. No satisfecha con la resolución de su queja, la empleada re-gresó al departamento de recursos humanos e indicó que la gerente le redujo sus horas en represalia por haber presen-tado la querella de hostigamiento sexual contra el señor Rivera.
Días después, la señora Vázquez le informó a la señora Ortiz González que se le había trasladado al restaurante de Plaza Centro donde no se le garantizaría el mismo horario. La señora Ortiz González, indignada, alzó la voz y dijo “que se vayan todos al carajo; esto no se va a quedar así”. El 26 de marzo de 2001, la señora Ortiz González presentó otra queja escrita contra Vázquez en la oficina de recursos humanos, por la reducción de horarios y proble-mas con la documentación de desempleo. Esta oficina vol-vió a recomendar el traslado de la señora Ortiz González, pero esta vez a un lugar más cerca de la residencia de la empleada. No obstante, ésta decidió renunciar el 19 de abril de 2001.
Así las cosas, la señora Ortiz González presentó una demanda contra su patrono, la señora Vázquez y el señor Rivera por despido injustificado, hostigamiento sexual en el empleo y represalias ante el Tribunal de Primera Instancia. El Tribunal emitió sentencia en la que dispuso que la señora Ortiz González no logró evidenciar que su renuncia se debiera a las condiciones onerosas que le im-puso la empresa por haber acusado de hostigamiento al señor Rivera. Es decir, concluyó que no se trató de un des-pido constructivo.
Sin embargo, determinó que hubo hostigamiento sexual por parte de Rivera y, por ende, del restaurante. Mencionó que “[r]ealmente hay que reconocer que la alta jerarquía de Caribbean Restaurants trató el hostigamiento sexual de Rivera hacia la demandante de una manera adecuada. Tan pronto advino en conocimiento del hostigamiento lo docu- *6 mentó, inmediatamente suspendió a Rivera, eliminando así la causa del hostigamiento”. Caso Núm. CC-2009-0243, Parte Ira, Certiorari, Apéndice, págs. 255 — 256. En fin, el Tribunal concluyó que la empresa realizó actos afirmativos para evitar el hostigamiento y desalentarlo, pero que “des-afortunadamente” la empresa respondía por ser el señor Rivera supervisor conforme al Artículo 5 de la Ley Núm. 17 de 22 de abril de 1988 (en adelante Ley Núm. 17), 29 LPRA sec. 155d. Además, indicó que la señora Vázquez fue negli-gente al no mantener un ambiente ordenado luego de la investigación de hostigamiento, y que por ello también de-bía responder el patrono. Ordenó a los demandados pagar $10,000 por los daños y perjuicios y angustias mentales provocadas por los actos del señor Rivera y $1,000 por los actos de la gerente. Además, impuso costas y $2,750 en honorarios de abogado.
Todas las partes acudieron por separado al Tribunal de Apelaciones para solicitar la revisión de la misma sentencia. La señora Ortiz González alegó que las cuantías concedidas estaban muy por debajo de los daños causados y que la Ley Núm. 17 requería que se duplicara la suma concedida, mientras que el patrono argumentó que erró el Tribunal de Primera Instancia al imponerle responsabili-dad vicaria a pesar de haber cumplido plenamente con la ley y al responsabilizarlo por daños que la demandante pudo haber evitado de haber utilizado los mecanismos es-tablecidos por la empresa; que los actos del señor Rivera no constituyeron hostigamiento sexual, y que tampoco proce-día la imposición de honorarios de abogados.
Por su parte, el señor Rivera se opuso al recurso de la señora Ortiz González y sostuvo que no se cumplieron los elementos de hostigamiento sexual. En la alternativa, alegó que no se demostró que el hostigamiento causara cambios en los términos y las condiciones del empleo de la señora Ortiz González. También impugnó que se estable-ciera que existió un patrón no consentido de conducta de- *7 gradante e intentos de roces corporales. Finalmente, plan-teó que, en caso de entenderse que hubo hostigamiento, el patrono debía responder ya que se trataba de un asunto de responsabilidad absoluta.
El Tribunal de Apelaciones emitió sentencia en la cual exoneró a Caribbean Restaurants de responder por hosti-gamiento sexual. Aseguró que el patrono cumplió con su deber al actuar conforme a sus procedimientos y al promo-ver activamente una política de prevención. Incluso ordenó al señor Rivera pagar exclusivamente los honorarios de abogado concedidos por el foro primario. En cuanto a los daños concedidos por los actos de la gerente, el foro apela-tivo mantuvo la responsabilidad impuesta al patrono. Por último, el Tribunal de Apelaciones estuvo de acuerdo con la compensación otorgada por el foro primario, mas duplicó las cuantías en cumplimiento del Artículo 11 de la Ley Núm. 17, 29 LPRA sec. 155j.
Evaluados los planteamientos esbozados por ambas partes, resolvemos que erró el Tribunal de Apelaciones al exo-nerar de responsabilidad a Caribbean Restaurants. Por lo tanto, se modifica la sentencia recurrida y se ordena a to-dos los demandados satisfacer solidariamente a la señora Ortiz González las partidas siguientes: $10,000 por daños y perjuicios y angustias mentales por los actos de hostiga-miento sexual cometidos por el subgerente Rivera en viola-ción al Artículo 3 de la Ley Núm. 17, 29 LPRA sec. 155b; $1,000 por los daños y perjuicios ocasionados por la super-visara Vázquez al permitir un ambiente de humillación posterior al momento cuando la demandante delató el pa-trón de hostigamiento sexual del señor Rivera, al amparo del Artículo 1803 del Código Civil, 31 LPRA see. 5142; cos-tas, y $2,750 en honorarios de abogado. Además, duplica-mos la cuantía de $10,000 concedida a la demandante por los actos de hostigamiento sexual de los que fue víctima, conforme al mandato del Artículo 11 de la Ley Núm. 17, supra.
*8 Así lo pronunció, manda el Tribunal y certifica la Secre-taria del Tribunal Supremo Interina. La Juez Asociada Se-ñora Rodríguez Rodríguez emitió una opinión de conformi-dad, a la que se unieron el Juez Presidente Señor Hernández Denton, la Jueza Asociada Señora Fiol Matta y el Juez Asociado Señor Estrella Martínez. El Juez Asociado Señor Rivera García emitió una opinión de conformidad, a la que se unieron los Jueces Asociados Señores Martínez Torres, Kolthoff Caraballo y Feliberti Cintrón. La Jueza Asociada Señora Pabón Charneco no interviene.
(.Fdo.) Camelia Montilla Alvarado Secretaria del Tribunal Supremo Interina